UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>CHRISTINA BROOK MITCHELL, )<br>)<br>    Defendant/Movant. )<br>) | Criminal Action No.<br>7:18-cr-00020-KKC-MAS-1<br>and<br>Civil Action No.<br>7:21-cv-00071-KKC-MAS<br><br>REPORT & RECOMMENDATION |

Defendant/Movant Christina Brook Mitchell ("Mitchell") filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. [DE 137]. Judge Caldwell referred the motion to the undersigned for a report and recommendation. Perceiving the motion as likely time-barred, the Court ordered briefing limited to the issue of timeliness. [DE 139]. Both Mitchell and the Government responded. [DE 140, 142]. Because Mitchell's motion is untimely and equitable tolling does not apply on this record, the undersigned recommends dismissal of the pending § 2255 motion.

### I. FACTUAL BACKGROUND

On August 26, 2019, Mitchell pleaded guilty to two counts of production of child pornography in violation of 21 U.S.C. § 2251(a). [DE 50, 51]. Judge Caldwell sentenced Mitchell to a total of 420 months' imprisonment and entered a judgment in this matter on February 24,

1

2020. [DE 74]. Mitchell did not file a direct appeal. She filed the instant § 2255 motion on September 9, 2021,[1] generally alleging that her trial counsel was ineffective. [DE 137].

## II.  ANALYSIS

Section 2255 provides in relevant part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The record here does not support the applicability of the second through fourth circumstances. The limitation period in this case thus began to run on the date Mitchell's judgment became final, per § 2255(f)(1). Because Mitchell did not appeal, her judgment became final fourteen days after its entry—on March 9, 2020. Fed. R. App. P. 4(b)(1)(A); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no

---

[1] Mitchell's § 2255 motion is deemed filed on the date it was signed. *See Brand v. Moley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that, under the prison mailbox rule, a pro se prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court, which the court assumes occurs on the date the prisoner signed the pleading, absent contrary evidence).

2

notice of appeal was filed."). Mitchell then had until March 9, 2021, to file a timely § 2255 motion. But Mitchell filed her § 2255 motion on September 9, 2021, missing the deadline by 184 days.

That said, because the AEDPA statute of limitations is non-jurisdictional, equitable tolling of the limitations period may apply in appropriate § 2255 cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015). But the doctrine must be "used sparingly[,]" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A petition may be equitably tolled only if the petitioner demonstrates *both* that "he has pursued his rights diligently" *and* that "some extraordinary circumstance prevented timely filing." *Id.* The Court evaluates an equitable tolling request under this two-part framework. *Hall v. Warden*, 662 F.3d 745, 749–50 (6th Cir. 2011).

Mitchell has not shown that she is entitled to equitable tolling. Mitchell argues that equitable tolling should apply in this case because she was "in-transit" from February 19, 2020, until June 17, 2020, and that she arrived at Federal Correctional Institution Aliceville on June 18, 2020. Mitchell also argues that the COVID-19 pandemic and related lockdown at Mitchell's detention facility prevented her from filing a timely § 2255 motion. Neither circumstance, however, warrants tolling of the § 2255 filing deadline in this case.

First, "the Sixth Circuit has previously held that time spent in transit is not a circumstance extraordinary enough to justify equitable tolling where a Petitioner could have diligently pursued his rights and timely filed a § 2255 motion during the remaining year-period available to him." *Kincaid v. United States*, No. 3:10-CR-160-TAV-HBG-2, 2019 WL 3431740, at *2 (E.D. Tenn. July 30, 2019) (citing *Brown v. United States*, 20 F.App'x 373, 375 (6th Cir. 2001)). Mitchell's approximately 120 "days in transit do not explain h[er] lack of diligence in filing h[er] § 2255

3

motion during the [eight]-month period that remained open to h[er] to file timely[.]" *Brown*, 20 F.App'x at 375. Accordingly, Mitchell's assertion that she was in transit for some portion of the time in which she could have filed a timely § 2255 motion does not, itself, justify equitable tolling.

Second, Mitchell's general assertion that her detention facility's COVID-19 lockdown prevented her from accessing legal materials and the law library likewise fails to warrant equitable tolling. "Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) (citing *Paulcin v. McDonough*, 259 F.App'x 211, 213 (11th Cir. 2007); *United States v. Fredette*, 191 F.App'x 711, 713 (10th Cir. 2006)). Indeed, a "lack of knowledge of the law, and limited access to the prison's law library or to legal materials do not justify equitable tolling" as those "conditions are typical for many prisoners, and therefore do not constitute extraordinary circumstances." *Chapman-Sexton v. United States*, No. 2:16-CR-00141(1), 2021 WL 292027, at *3 (S.D. Ohio, Jan. 28, 2021) *report and recommendation adopted*, No. 2:16-CR-00141(1), 2021 WL 982718 (S.D. Ohio Mar. 16, 2021) (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011); *Adams v. Chillicothe Corr. Inst.*, No. 2:16-CV-563, 2016 WL 4442826, at *2 (S.D. Ohio Aug. 22, 2016)).

Some courts have recognized that extraordinary circumstances imposed by COVID-19 may justify equitable tolling. *See, e.g., United States v. Smith*, No. 18-17, 2020 WL 4016242, at *2 (D. Md. July 16, 2020) (acknowledging in the abstract that "[t]he COVID-19 pandemic may very well qualify as an 'extraordinary' circumstance that warrants equitable tolling for the purposes of § 2255" but declining to analyze the issue because the at-issue petition was not actually

tardy); *Taylor v. Valentine*, No. 5:20-CV-00139-TBR, 2021 WL 864145, at *2 (W.D. Ky. Mar. 8, 2021) (noting *Smith*'s general statement but finding it inapplicable because, among other reasons, the "vast majority" of the limitations period in that particular case had expired pre-COVID). But still, a petitioner seeking tolling on such a basis "must demonstrate fact-specific circumstances related to the pandemic that hindered his ability to timely file a § 2255 motion." *United States v. Marshall*, No. 5:18-cr-122-KKC-MAS-1, 2021 WL 3854469, at *2 (E.D. Ky. Aug. 5, 2021) *report and recommendation adopted*, No. 5:18-cr-122-KKC, 2021 WL 3854749 (E.D. Ky. Aug. 27, 2021).

Although Mitchell states that she was on lockdown for 22.5 hours a day and did not have access to the law library and legal materials, she does not explain how such a lack of access specifically prevented her from filing her motion in the allotted time. She does not assert that she could not have obtained a § 2255 form or filed a basic motion asserting her entitlement to collateral relief during her detention facility's lockdown. Moreover, Mitchell does not state that the lockdown conditions she describes persisted for all eight of the months in which she was not in transit and could have filed a timely motion. Ultimately, Mitchell "does not cite any fact-specific circumstances related to the pandemic that prevented h[er] from timely filing a § 2255 motion, beyond a general lack of access to legal resources." *Marshall*, 2021 WL 3854469, at *3. Accordingly, Mitchell has not demonstrated that the COVID-19 lockdown in her detention facility, even coupled with the fact that she was in transit for some period of time, warrants equitable tolling.

Finally, Mitchell fails to demonstrate that she has pursued her rights diligently. After Mitchell's sentencing on February 24, 2020, she did not file any motions or mail to the Court any correspondence until her July 29, 2021, letter requesting appointment of counsel to pursue her §

5

2255 motion. [DE 74]. That letter was mailed 142 days after the deadline to file a timely § 2255 motion. And Mitchell makes no argument suggesting she diligently pursued her rights during this period.

In sum, it is the movant's burden to demonstrate entitlement to equitable tolling, and Mitchell has not done so on this record. Neither Mitchell's in-transit status for approximately four months nor her assertion that her facility's COVID-19 lockdown prevented her from filing a timely motion warrant equitable tolling. Accordingly, having provided "fair notice" of the petition's timing deficiencies and having permitted both sides an opportunity to respond on the issue, the Court recommends dismissal of Mitchell's § 2255 motion as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

### III. CONCLUSION

For the reasons here discussed, the Court **RECOMMENDS** that the District Judge **DENY** Mitchell's pending § 2255 motion [DE 137] as time-barred. The Clerk **SHALL** serve a copy of this Report and Recommendation on Mitchell.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appellate rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, **within fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.

Entered this the 5th day of August, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge